CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 0 1 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 3:04-cr-00086 |
| | ) | |
| v. | ) | § 2255 MEMORANDUM OPINION |
| | ) | |
| | ) | By: Norman K. Moon |
| DEMETRIUS PHILLIPS. | ) | United States District Judge |

Demetrius Phillips filed this 28 U.S.C. § 2255 motion challenging his guilty plea, conviction and sentence for possession with intent to distribute a mixture or substance containing cocaine base in violation of Title 21, United States Code, Section 841(a)(1). Phillips makes a variety of claims, including the claim that his counsel failed to consult with him regarding a direct appeal. This matter is before the court on respondent's motion to dismiss. On the existing record, I am unable to resolve Phillips' claim that counsel was ineffective for failing to consult regarding a direct appeal. Pursuant to 28 U.S.C. § 636(b)(1)(B), I will refer the matter to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on the issue of whether Phillips' counsel was required to consult regarding Phillips' direct appeal rights, and if so, whether counsel did so consult. Judge Urbanski will submit to the court a report setting forth findings of fact, conclusions of law, and a recommended disposition of this case.

I.

On November 3, 2004, Demetrius Phillips was charged as the single defendant to a three-count indictment alleging possession with intent to distribute a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841 (a)(1) & (b)(1). Petitioner was arrested on November 8, 2004, and was subsequently released on bond. During pre-trial release, Phillips cooperated with

the government; however, he also resumed selling drugs, and was arrested on March 27, 2006. On April 21, 2006, the government filed a notice pursuant to 21 U.S.C. § 851, informing the court and counsel that, due to a prior conviction, Phillips was subject to additional penalties.*

On October 27, 2009, Phillips pleaded guilty to all three counts of the indictment without a plea agreement. On January 25, 2007, in light of Phillips' assistance to the government, the United States moved for a reduction in Phillips' sentence pursuant to United States Sentencing Guidelines ("USSG.") § 5K1.1. At the sentencing hearing on January 26, 2007, I adopted the offense level and criminal history category set out in the PSR, granted the § 5K1.1 motion, and sentenced Phillips to 162 months in prison with six years of supervised release. Phillips did not file a direct appeal.

Phillips now claims that he had an agreement with the government that his sentence would not be enhanced pursuant to the 21 U.S.C. § 851 notice. He further claims that his counsel knew of this and other agreements, and that his counsel failed to enforce those agreements. Phillips additionally claims that his counsel failed to consult with him regarding his appeal rights, which Phillips contends his counsel should have done, given the government's failure to keep the alleged off-the-books agreements.

## II.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470,

---

* On March 2, 1992, in the Circuit Court for Newport News, Virginia, Phillips was convicted of possession of cocaine with intent to distribute.

480 (2000). The courts use the term "'consult' to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478. With regard to prejudice, Phillips would have to show that "there is a reasonable probability that, but for counsel's deficient failure to consult," he would have continued to pursue his appeal. Id. at 484.

Phillips claims his counsel never consulted with him regarding his direct appeal rights, and that, because of this failure to consult, Phillips never filed an appeal. Phillips claims if he had been consulted, he would have wished to file an appeal. The government contends that Phillips' counsel consulted with Phillips, and that Phillips did not request an appeal. In light of Phillips' allegations, I will this matter to the Magistrate Judge for an evidentiary hearing on the issue of whether counsel was under a duty to consult with Phillips, and whether in fact Phillips did consult regarding the right to file a direct appeal. Judge Urbanski will submit to the court a report setting forth findings of fact, conclusions of law, and a recommended disposition of this case.

### III.

With regard to Phillips' other claims, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. App'x. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Phillips' other claims, I will not address the remaining claims at this time, but will take them under advisement pending the Magistrate Judge's report and recommendation after having conducted an evidentiary hearing.

IV.

For the reasons stated herein, I will refer this matter, pursuant to 28 U.S.C. § 636(b)(1)(B), to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on the issue of whether Phillips' counsel failed to consult regarding his right to file a direct appeal, and Judge Urbanski will submit to the court a report setting forth findings of fact, conclusions of law, and a recommended disposition of this case.

ENTER: This 1st day of December, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE